50 CCPA

### Application of Edmund A. STEIN-BOCK, Jr.

#### Patent Appeal No. 6907.

United States Court of Customs and Patent Appeals.

Feb. 13, 1963.

Joseph A. Rave, Cincinnati, Ohio (Frank P. Cyr, Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

SMITH, Judge.

Appellant has appealed from a decision of the Board of Appeals which affirmed the examiner's final rejection of claims 17 and 18 of appellant's application[1] for patent for an "Investment Mixer" as obvious in view of the prior art. Six claims were allowed.

Appellant's application discloses an apparatus used in mixing and compacting an "investment." An "investment" is a cementitious mass that is formed of a powder, generally plaster of Paris, and water. The mixture, which hardens rapidly after mixing, is commonly used in one instance in making molds for small precise metal castings by the so-called "lost wax" process such, for example, as dental inlays. Appellant's mixer includes an electric motor which drives a vacuum pump and also a closed mixing chamber having a revolving mixing paddle. The vacuum pump is directly connected to one shaft of the motor while the paddle of the mixing chamber is connected to the other motor shaft by a manually engaged friction coupling. Both claims on appeal are directed to this coupling.

Claim 17 is as follows:

"17. A driving connection between a motor and an investment mixer comprising a motor having a driven shaft, a sleeve secured to said shaft for rotation therewith, said sleeve having a portion thereof projecting beyond the shaft and said projecting sleeve portion having formed interiorly thereof a cup or socket having its inner surface inwardly tapered whereby said outer end of the cup or socket is of a greater diameter than the inner end, an investment mixer including a mixing container of a size to be manually held, a mixing shaft, means connecting said mixing shaft to the mixing container to have an end of the shaft projecting outwardly of the mixing container, and a driven head secured

1. Ser. No. 407,337, filed February 1, 1954.

to said shaft projecting end, said mixing container being manually held for inserting said driven head into the socket through its greater diameter end, said head having for a relatively short distance thereof intermediate its ends an outwardly projecting portion of less diameter than the greater diameter end of the sleeve socket but of greater diameter than the lesser diameter end of said sleeve socket so that the said driven head may be inserted into the socket but not passed therethrough and removed from the socket while the same is rotating and effect a frictional drive connection between the head and sleeve socket at a point intermediate its larger and smaller ends."

Claim 18 further defines the outwardly projecting portion of the driven head to be:

" * * * a compressible contact member carried by said driven head intermediate its ends * * *."

As can be seen from the above claims, the friction coupling is the particular element on which patentability is predicated. It has a female sleeve member secured to the motor driven shaft which has a frusto-conical or inwardly tapered socket. The driven member has a mating male member having a projecting portion such as an "O" ring which makes friction contact with the wall of the female member when the parts of the coupling are manually engaged.

The following references were relied upon by the examiner and board,

| Tenney | 244,091 | July | 12, | 1881 |
|---|---|---|---|---|
| Forde et al. | 1,863,977 | June | 21, | 1932 |
| Hollenback | 2,453,914 | Nov. | 16, | 1948 |
| Martinez | 2,562,805 | July | 31, | 1951 |
| Kelleigh | 2,690,246 | Sept. | 28, | 1954 |

The board in its decision affirmed the examiner's rejection of both appealed claims as being (1) unpatentable over Hollenback in view of Tenney and Forde et al., and (2) unpatentable over Hollenback in view of Kelleigh and Martinez. Since we agree that the board was correct in affirming the examiner's second ground of rejection, it is unnecessary to discuss the first ground or to describe the Tenney and Forde et al. patents.

The patent to Hollenback discloses an investment mixer similar to that described and claimed by appellant except that the driven head of the mixer shaft is slotted or kerfed. The revolving paddle is driven by a "conventional power drive" having a flat key on the shaft end which fits into the slot or kerf of the mixer shaft, similar to the manner in which a screw driver engages the head of a slotted screw.

The Kelleigh patent discloses a clutch having a female member with a recessed, frusto-conical head and a mating male member having an annular recess which carries an "O" ring of compressible material. In order to prevent slippage, the patentee provides a "plurality of radially extending serrations" on the tapered surface of the female member which increases the frictional engagement of the compressible "O" ring when the clutch is engaged. The specification states that the:

"Objects of this invention are to provide a clutch which transmits torque without slipping, which engages essentially instantaneously at any relative position between its driving and driven members, * *"

The Martinez patent for a motor driven toothbrush discloses frictional clutch couplings between motor driven shafts in the handle of the brush and the

driven brush-driving shafts in a detachable brush head. The ends of the driven brush shafts have conical recesses which mate with the tapered ends of the driving shafts. The driving and driven shafts, held in axial alignment, are connected when the operator manually exerts an axially directed pressure on the coupling by pressing the head against the handle.

The position of the board is stated in its decision as follows:

"The self-centering characteristic and the ready connectability and detachability of tapered friction clutches are matters of elementary knowledge, and it is our opinion that one desiring such features in the Hollenback or Steinbock et al. mixer[2] would not have found it unobvious or difficult, at least upon consulting the clutch art, to arrive at the appealed structure. Tenney and Kelleigh are only examples of friction clutches, that of Kelleigh being deemed the full equivalent of that claimed herein."

The board further stated that "the concept of manually holding a container while it is coupled and uncoupled with a power driven shaft" is an old and well-known practice, and judicially noted the use of conventional hand revolution counters which are manually applied to a rotating shaft.

Appellant, in his brief, emphasizes the fact that his claimed invention enables an operator, said to be often a woman dental technician, to engage manually the friction coupling with the motor running without maintaining exact axial alignment of the shafts. Such procedure is said to be advantageous since the investment must be mixed and cast in a relatively short time before the chemical reaction "sets" the mixture and it becomes unworkable.

While we agree with appellant that the Hollenback mixer which has a keyed shaft would probably be damaged if the operator attempted to engage the key and slot with the motor running, we agree with the board that it would be obvious to a person of ordinary skill in the art to substitute the friction type clutch of either Kelleigh or Martinez for Hollenback's shaft coupling. Appellant's argument that his coupling requires only approximate axial alignment is equally unpersuasive since we agree with the board that friction clutches capable of being manually aligned, such as those used on shaft counters, are notoriously old. Furthermore, the appealed claims do not specify any structural features of appellant's clutch which would allow it to operate with any more axial deviation than the clutch shown by Kelleigh.

Appellant further argues that the appealed claims distinguish the coupling means structurally over the friction clutches of both Kelleigh and Martinez, specifically since Kelleigh discloses radial serrations in the face of the recessed female member and the Martinez shafts are held in exact alignment by the brush handle and head. While there may be some structural differences between appellant's coupling defined in the claims and the reference couplings, these differences are of no patentable significance since it would be obvious to a person of ordinary skill in the coupling art to substitute a suitable friction clutch for the key and slotted coupling of Hollenback. The concept of a hand held mechanism with a manually operated friction clutch is old and notorious, as shown by the use of hand operated shaft rotation counters. The application of this principle to investment mixers is obvious to one of ordinary skill in the art.

For the foregoing reasons, the decision of the Board of Appeals is affirmed.

Affirmed.

2. The "Steinbock et al. mixer" apparently refers to U. S. Patent No. 2,777,177 issued to appellant and Robert Nieman which was co-pending with the appealed application. This patent was not used as prior art by the examiner or board.